## 22294. Kenny Company v. McKinney.

Sutton, J. 1. Where the petition in a suit on open account alleges that the defendant is indebted to the plaintiff in a stated sum with interest from a certain date, that a copy of the account, duly verified, is attached thereto, and that the account is past due and payment has been demanded and refused, and where the attached bill of particulars shows that the defendant is indebted to the plaintiff for sugar in the stated sum, which "sugar has been carried on consignment, and has been due since November, 1930," and by amendment the plaintiff attaches a memorandum signed by the defendant, showing the receipt of the sugar on November 12, 1930, the suit is not subject to demurrer on the ground that it does not affirmatively appear that the account is within the statute of limitations and upon the ground that the bill of particulars is too vague and indefinite to put the defendant on notice as to what is charged against him in order to permit him to intelligently defend the suit.

2. The fact that the bill of particulars calls the transaction a consign-

ment does not of itself show that the suit was on a contract and require that a copy of such contract should be attached to the petition. *Furst* v. *Commercial Bank*, 117 *Ga*. 472, 474 (43 S. E. 728). The amendment filed by the plaintiff did not seek to set up a cause of action founded on a contract, but merely amplified and explained the suit originally filed.

3. A bill of particulars describing the account and stating that the account has been due since a certain time, together with a signed memorandum showing the receipt of the sugar by the defendant on such date, are sufficient to withstand a demurrer that the date of the account is not shown with sufficient particularity to put the defendant on notice as to how he must defend the suit.

4. It follows that the court erred in sustaining the demurrer to the plaintiff's petition and in dismissing the same.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided November 8, 1932.

*Hammond Johnson,* for plaintiff.

*A. W. Higdon, Sam S. Harbin, B. P. Gaillard Jr., Boyd Sloan,* for defendant.